FILED
Nov 30, 2018
09:29 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| AMY NANCE, | ) | Docket No.: 2016-08-1486 |
| Employee, | ) | |
| v. | ) | |
| JCSD EMERGENCY MEDICAL | ) | State File No.:38188-2016 |
| GROUP d/b/a MEDIC ONE RESPONSE, | ) | |
| Employer, | ) | |
| and | ) | Judge Deana C. Seymour |
| BERKSHIRE HATHAWAY HOMESTATE | ) | |
| INSURANCE COMPANY, | ) | |
| Insurance Carrier. | ) | |
| | ) | |

---

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

---

This case came before the Court for an Expedited Hearing on November 9, 2018. Ms. Nance asked for additional medical and temporary disability benefits.[1] Medic One denied the requested benefits claiming Ms. Nance misrepresented her medical condition and participated in subsequent non-work-related activity contrary to restrictions placed by the treating physician. The present focus of this case is whether Ms. Nance is likely to prevail at a hearing on the merits for the requested medical benefits. The Court holds she satisfied her burden of proof and grants additional medical benefits.

### History of Claim

Ms. Nance worked as an emergency medical technician for Medic One. She injured her left upper extremity while moving a patient on May 6, 2016. A physician at Baptist Minor Medical diagnosed a left wrist sprain and placed her in a splint.

---

[1] The Dispute Certification Notice ("DCN") listed medical and temporary disability benefits as issues. However, Medic One objected to the DCN, arguing that Ms. Nance did not raise temporary disability in the Petition for Benefit Determination, discuss it in her affidavit, or mention it during the mediation. The Court took the issue under advisement at the Expedited Hearing and finds it unnecessary to rule on the objection; *see infra* p. 4.

After conservative treatment, Ms. Nance began treating with Dr. Jeffrey Cole at OrthoMemphis. Dr. Cole diagnosed cubital tunnel syndrome and treated her with night splinting and anti-inflammatories. An EMG nerve conduction study showed no evidence of ulnar neuropathy or cubital tunnel syndrome but could not exclude cervical spine pathology.

Dr. Cole sent Ms. Nance to physical therapy. After her symptoms did not improve, he recommended a cervical spine evaluation. Medic One provided a panel of spine specialists from which Ms. Nance chose Dr. Keith Williams, but Dr. Williams refused to see her. Rather than allow her to select another specialist from the panel, Medic One asked neurosurgeon Dr. John Brophy and hand specialist Dr. James Calandruccio to evaluate her. However, those evaluations did not occur.

On July 1, 2017, Dr. Cole completed a Final Medical Report, indicating that Ms. Nance sustained a two-percent permanent impairment. He noted that further medical treatment for this injury was possible.[2] Dr. Cole continued to recommend a cervical spine evaluation to determine the source of her symptoms, so Ms. Nance asked the Court to order the recommended examination. She also asked for temporary disability benefits, as she had not worked in over two years.

Medic One introduced medical records from Ms. Nance's past treatment at Campbell Clinic in 2006 and 2007, plus Dr. Cole's deposition transcript and office notes, to suggest that she failed to mention a prior left wrist injury. In November 2006, Ms. Nance sustained a left wrist fracture that required surgery and pinning. Medic One argued that her failure to advise Dr. Cole of this injury and treatment amounted to medical misrepresentation. In response to the allegation, Ms. Nance pointed to an intake sheet from her first visit to Dr. Cole, which showed she referenced the prior injury.[3]

Medic One also claimed that a subsequent intervening event broke the causal connection between the injury and Ms. Nance's employment. It suggested that she went scuba diving in September 2016 despite restrictions from Dr. Cole. However, Ms. Nance testified she did not use her left arm during the dive and was only in the water for a few minutes because she could not endure the dive.

---

[2] Dr. Cole testified, "The insurance company was pushing pretty hard for an impairment rating. So I finally agreed to fill this out with some hedging. On here it says, do I anticipate the need for further medical treatment for this injury and I wrote, possible."

[3] The Court admitted this intake sheet into evidence over Medic One's hearsay objection, since Ms. Nance authenticated the statements on the document.

**Findings of Fact and Conclusions of Law**

*Standard Applied*

Ms. Nance must prove the essential elements of her claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). She does not have to prove every element of her claim by a preponderance of the evidence but must present sufficient evidence for the Court to determine she is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

*Medical Benefits*

Ms. Nance claimed entitlement to additional medical treatment. In particular, she asked the Court to order Medic One to authorize the cervical spine evaluation recommended by Dr. Cole. Medic One offered a panel of spine specialists from which Ms. Nance selected Dr. Williams. However, when Dr. Williams declined to evaluate her, Medic One sent her records to Dr. Brophy for an independent medical evaluation rather than allowing her to select from the remaining doctors on the panel.

Tennessee Code Annotated section 50-6-204(a)(3)(G) (2018) provides,

> If any physician, surgeon, chiropractor or specialty practice group included on a panel . . . declines to accept the employee as a patient . . . the employee may either select a physician from the remaining physicians, surgeons or chiropractors included on the initial panel provided to the employee pursuant to subdivision (a)(3)(A) or request that the employer provide an additional choice of a physician, surgeon, chiropractor or specialty practice group[.]

Dr. Cole continues to recommend an evaluation of Ms. Nance's cervical spine, and any treatment recommended by the authorized physician is presumed medically necessary for treatment of the injured employee. *See* Tenn. Code Ann. § 50-6-204(a)(3)(H). Medic One did not rebut that presumption. Thus, under the statute quoted above, Medic One should have allowed Ms. Nance to select another physician from the panel it provided her, and the Court orders that it now provide that benefit.

The Court is aware that Dr. Cole placed Ms. Nance at maximum medical improvement. However, he readily admitted the insurance company pushed him for a rating, which he "hedged" and gave. Because Ms. Nance might still need medical treatment for her work injury, the Court finds that she is entitled to reasonably necessary medical treatment as recommended by her authorized treating physician, Dr. Cole, and as required by Tennessee Code Annotated section 50-6-204.

*Temporary Disability Benefits*

An injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at \*7 (Dec. 11, 2015). While Ms. Nance testified that she had not worked in over two years, the only medical proof that addressed disability was Dr. Cole's Final Medical Report, which stated that she could return to work without restrictions as of July 3, 2017. Accordingly, she has not established eligibility for temporary disability benefits.

Although Medic One objected to the inclusion of temporary disability benefits as an issue on the DCN, the Court finds it unnecessary to address the objection, since Ms. Nance failed to present any medical proof of disability to establish entitlement to these benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Medic One shall approve the cervical spine evaluation and allow Ms. Nance to select an authorized spine specialist from the panel it previously provided. Ms. Nance or the provider shall submit billing to Medic One for payment under the applicable fee schedule.

2. Ms. Nance is not entitled to temporary disability benefits at this time.

3. This matter is set for a Scheduling Hearing **on January 28, 2019, at 8:30 a.m. Central Standard Time.** The parties must call (toll-free) 866-943-0014 to participate in the Hearing. Failure to call in may result in a determination of the issues without the parties' participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

Entered November 30, 2018.

_____

**JUDGE DEANA C. SEYMOUR**
**Court of Workers' Compensation Claims**

## APPENDIX

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing, along with Ms. Nance's affidavit
4. Motion to Compel
5. Order on Motion to Compel
6. Employer's Expedited Hearing Brief in Opposition to Employee's Petition Seeking Medical Benefits, along with attachments
7. Employee's Lay and Expert Witness List

Exhibits:

1. Medical records from Campbell Clinic, OrthoMemphis, and Baptist OneCare (Collective)
2. Medical Record Custodian Certification of Business Records from Campbell Clinic
3. Amy Nance's Deposition Transcript
4. Dr. Jeffrey Cole's Deposition Transcript
5. Affidavit of Amy Nance
6. Affidavit of Sara O'Connor
7. Form C-41 Wage Statement

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Order was sent to the following recipients by the following methods of service on November 30, 2018.

| Name | Certified Mail | Via Fax | Via Email | Email Address |
|---|---|---|---|---|
| **Christopher Taylor, Employee's Attorney** | | | **X** | ctaylor@taylortoon.com |
| **Chris Brooks, Employer's Attorney** | | | **X** | crbrooks@mijs.com |

_____

**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant]  _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental   $ _____ per month

| Groceries | $ _____ per month | Telephone | $ _____ per month |
|---|---|---|---|
| Electricity | $ _____ per month | School Supplies | $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $_____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

| Automobile | $ _____ | (FMV) _____ |
|---|---|---|
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe:_____ |

11. My debts are:

Amount Owed                   To Whom

_____     _____

_____     _____

_____     _____

_____     _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                               RDA 11082